IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BABCOCK & WILCOX POWER GENERATION GROUP, INC. )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>ATLANTIC RICHFIELD COMPANY, )<br>)<br>Defendants. ) | Civil Action No. 07-1765 |

AMBROSE, District Judge.

# **MEMORANDUM AND ORDER OF COURT**

## **SYNOPSIS**

Plaintiff, Babcock & Wilcox Power Generation Group, Inc., ("B&W"), filed a Complaint against Defendant, Atlantic Richfield Company ("ARCO"), in the Court of Common Pleas of Allegheny County on December 6, 2007 at docket number 07-024151. *See,* Docket No. 1-3. Therein, B&W seeks a declaratory judgment regarding indemnity under the Acquisition and Indemnity Agreement ("the Agreement") and also asserts a breach of contract claim. *Id.* On December 28, 2007, ARCO filed a Notice of Removal. (Docket No. 1). B&W has filed a Motion to Remand and Motion to Dismiss Counterclaims for Lack of Federal Question / Subject Matter Jurisdiction (Docket Nos. 10 and 12). ARCO has responded thereto. (Docket Nos. 20 and 21). The Hall Plaintiffs were also granted leave to file a Brief in Opposition to the Motion to Remand. *See,* Docket No. 16. B&W filed a Reply Brief. (Docket No. 25). After careful consideration of the issues and based on my opinion as set forth below, said Motions (Docket Nos. 10 and 12) are denied.

## **OPINION**

**I.    LEGAL ANALYSIS**

A. **Motion for Remand (Docket No. 10)**

B&W has filed a Motion for Remand pursuant to 28 U.S.C. §1447(c).[1] (Docket No. 10). The general principles of law that govern a motion for remand are well settled. A defendant may remove a civil action filed in state court to the federal district court when the federal district court could have had original jurisdiction over the dispute. 28 U.S.C. §1441. The federal question must appear on "the face of the complaint, unaided by the answer or petition for removal." *See, Gully v. First Nat'l Bank,* 299 U.S. 109, 113 (1936). The federal district court may remand the case back to state court, however, if there has been a procedural defect in the removal or if the court lacks subject matter jurisdiction. 28 U.S.C. §1447. "[T]he removal statute should be strictly construed, and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). The removing defendant bears the burden of proving that removal was proper. *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991).

B&W's main argument is that removal was improper because the Complaint does not assert an action under the Price-Anderson Act, 42 U.S.C.A. §2210, *et seq.*[2] (Docket Nos. 11 and 25).

---

[1] 28 U.S.C. §1447(c) provides as follows: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case."

[2] B&W sets forth four reasons why the notice of removal is improper: 1) The Price-Anderson Act is an improper basis for removal of the Complaint; 2) This Court has previously decided that related insurance claims arising out of a public liability action do not confer subject matter jurisdiction; 3) ARCO should be judicially estopped from asserting that the Price-Anderson Act creates federal question jurisdiction based on previous litigation positions; and 4) B&W's claims simply do not raise a federal question because the only substantive law implicated by theses claims are Pennsylvania state common laws. (Docket No. 11, p. 9). There is no reason to discuss reasons two through four at length. It is sufficient to say that the previously decided opinion did not deal with indemnity issues, ARCO is not judicially estopped from taking an allegedly contrary position in a different litigation, and the Price-Anderson Act requires that the substantive rules for decision are to be derived from the law of the state in which the nuclear incident occurred – in this case Pennsylvania. 42 U.S.C. §2014(hh).

The Complaint alleges the nature of the action to arise out of ARCO's failure and refusal to indemnify B&W for any and all liability that B&W incurs as a result of Facility Claims.[3] (Docket No. 1-3, ¶1). Simply put, I am not persuaded by B&W's argument. Rather, I find that Plaintiff's Complaint is governed by the Price-Anderson Act.

There is not disagreement that the Price-Anderson Act vests federal courts with original jurisdiction "[w]ith respect to any public liability action[4] arising out of or resulting from a nuclear incident."[5] 42 U.S.C. §2210(n)(2).[6] "Public liability" is defined to mean:

---

[3]Facility Claims are defined by B&W as follows: "Numerous claims have been brought against B&W and ARCO by or on behalf of persons alleging injury and damage allegedly arising out of the operations of two facilities formerly located in the Borough of Apollo, Pennsylvania and or in Parks Township, Pennsylvania (the 'Facilities'). All such claims are collectively referred to herein as the 'Facility Claims," which collective term includes any and all suits, claims and demands, whether past, present, or future, known or unknown, for bodily, physical, or other personal injury and/or property damage arising out of, resulting from, relating to, or attributable to the ownership or operation of the Facilities." Complaint, at Docket No. 1-3, ¶7. Essentially, B&W is referring to the Plaintiffs in the *Hall v. B&W, et al.,* case proceeding in this court at docket number 94-951.

[4]The term "public liability action" is defined as "any suit asserting public liability." 42 U.S.C.A. §2014(hh).

[5]The term "nuclear incident" is defined to mean "any occurrence, including an extraordinary nuclear occurrence, within the United States causing, within or outside the United States, bodily injury, sickness, disease, or death, or loss of or damage to property, or loss of use of property, arising out of or resulting from the radioactive, toxic, explosive, or other hazardous properties of source, special nuclear, or byproduct material: Provided, however, That as the term is used in section 2210(l) of this title, it shall include any such occurrence outside the United States: And provided further, That as the term is used in section 2210(d) of this title, it shall include any such occurrence outside the United States if such occurrence involves source, special nuclear, or byproduct material owned by, and used by or under contract with, the United States: And provided further, That as the term is used in section 2210(c) of this title, it shall include any such occurrence outside both the United States and any other nation if such occurrence arises out of or results from the radioactive, toxic, explosive, or other hazardous properties of source, special nuclear, or byproduct material licensed pursuant to subchapters V, VI, VII, and IX of this division, which is used in connection with the operation of a licensed stationary production or utilization facility or which moves outside the territorial limits of the United States in transit from one person licensed by the Nuclear Regulatory Commission to another person licensed by the Nuclear Regulatory Commission." 42 U.S.C.A. §2014(q).

[6]42 U.S.C. §2210(n)(2) provides as follows: "With respect to any public liability action arising out of or resulting from a nuclear incident, the United States district court in the district where the nuclear incident takes place, or in the case of a nuclear incident taking place outside the United States, the United States District Court for the District of Columbia, shall have original

any legal liability arising out of or resulting from a nuclear incident or precautionary evacuation (including all reasonable additional costs incurred by a State, or a political subdivision of a State, in the course of responding to a nuclear incident or a precautionary evacuation), except: (i) claims under State or Federal workmen's compensation acts of employees of persons indemnified who are employed at the site of and in connection with the activity where the nuclear incident occurs; (ii) claims arising out of an act of war; and (iii) whenever used in subsections (a), (c), and (k) of section 2210 of this title, claims for loss of, or damage to, or loss of use of property which is located at the site of and used in connection with the licensed activity where the nuclear incident occurs. "Public liability" also includes damage to property of persons indemnified: Provided, That such property is covered under the terms of the financial protection required, except property which is located at the site of and used in connection with the activity where the nuclear incident occurs.

42 U.S.C.A. §2014(w).

"The central focus of the Price-Anderson Act is its comprehensive scheme for insuring and indemnifying nuclear power plant licensees and contractors, and for limiting and apportioning liability arising out of nuclear incidents." *TMI Litigation Cases Consol. II v. B&W, et al.,* 940 F.2d 832, 872 (3d Cir. 1991) (concurring op.). To that end, "[p]ublic liability actions include virtually all claims based upon any legal liability arising out of a nuclear incident. Conceivably, some actions might not sound in tort at all, and others could implicate areas of activity not explicitly governed by federal standards." *Id.* at 869-70 (concurring op.). In other words, "[u]nder the terms of the Amendments Act, the 'public liability action' encompasses '*any* legal liability' of any 'person who *may* be liable' on account of a nuclear incident." *Id.* at 854 (emphasis in original).

Based on the breadth of this definition, I find that this action seeks to determine the legal liability of the parties arising out of a nuclear incident and relates to a public liability arising out of or from a nuclear incident. Consequently, I find I have jurisdiction over the within matter and the

---

jurisdiction without regard to the citizenship of any party or the amount in controversy. Upon motion of the defendant or of the Commission or the Secretary, as appropriate, any such action pending in any State court (including any such action pending on August 20, 1988) or United States district court shall be removed or transferred to the United States district court having venue under this subsection. Process of such district court shall be effective throughout the United States. In any action that is or becomes removable pursuant to this paragraph, a petition for removal shall be filed within the period provided in section 1446 of Title 28 or within the 30-day period beginning on August 20, 1988, whichever occurs later."

case was properly removed. 42 U.S.C. §2210(n)(2). Therefore, Plaintiff's Motion for Remand (Docket No. 10) is denied.

### B. Motion to Dismiss (Docket No. 12)

B&W's Motion to Dismiss the Counterclaims is based on lack of federal question and/or subject matter jurisdiction. (Docket Nos. 12 and 13). Basically, B&W argues, as it did in its Motion for Remand, that because the Price-Anderson Act does not apply, no federal law is implicated. *Id.* As I have found above, the Price-Anderson Act is implicated. Therefore, B&W's Motion to Dismiss (Docket No. 10) is denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BABCOCK & WILCOX POWER GENERATION GROUP, INC. ) ) ) Plaintiff, ) ) -vs- ) ) ATLANTIC RICHFIELD COMPANY, ) ) Defendants. ) | Civil Action No. 07-1765 |

AMBROSE, District Judge.

## ORDER OF COURT

**AND NOW,** this 27th day of March, 2008, upon consideration of B&W's Motion to Remand (Docket No. 10) and B&W's Motion to Dismiss (Docket No. 12), it is ordered that said Motions are denied.

A conference is set for April 8, 2008 at 10:30 a.m.

                              **BY THE COURT:**

                              s/ Donetta W. Ambrose
                              Donetta W. Ambrose,
                              Chief U.S. District Judge